# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

SEAN WILLIAM LEE                                                                    PETITIONER
Reg # 20178-076

VS.                                    2:20-cv-00204-JM-JTR

DEWAYNE HENDRIX, Warden,
FCI Forrest City-Low                                                                RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Background

Pending before the Court is a § 2241 Petition for a Writ of Habeas Corpus filed by Petitioner Sean William Lee ("Lee"), an inmate in the Federal Correctional Institution-Low in Forrest City, Arkansas. *Doc. 1*. Lee seeks an Order compelling

1

his immediate release from custody. The Court will briefly review the history of Lee's federal custody and request for habeas relief.

On October 8, 2019, the Western District of Tennessee sentenced Lee to 18 months of imprisonment for violating the terms of his supervised release. *See United States v. Lee*, No. 2:05-cr-20120-MSN-1 ("*Lee I*").

On October 2, 2020, the Sixth Circuit Court of Appeals reversed the sentence in *Lee I*, held the district court committed plain error by failing to consider the 18 U.S.C. § 3553(a) sentencing factors, and remanded the case for resentencing. *United States v. Lee*, No. 19-6185 (6th Circuit October 2, 2020) (unpublished).

On October 19, 2020, Lee filed the § 2241 habeas Petition now before this Court. Lee claims, based on the Sixth Circuit ruling, that he is entitled to habeas relief in the form of an Order directing his immediate relief from federal custody.[1]

The Court recommends that Lee's habeas Petition be dismissed for lack of subject matter jurisdiction.

## II. Discussion

In conducting the required initial review of Lee's habeas Petition, this Court should summarily dismiss the Petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules

---

[1] Even if the Court were to consider the substance of Lee's habeas petition, the Sixth Circuit held that Lee is entitled to a *resentencing hearing*, not immediate release.

Governing § 2254 Cases in United States District Courts; § 2254 Rule 1(b) (§ 2254 Rules may be applied to other habeas corpus petitions); 28 U.S.C. § 2243. As part of that initial review, the Court is also obligated to decide whether it has subject matter jurisdiction. *See Northport Health Servs. v. Rutherford*, 605 F.3d 483, 490 (8th Cir. 2010) ("federal courts are obligated to consider lack of subject matter jurisdiction *sua sponte*").

Lee's habeas claim amounts to a direct attack on the federal sentence imposed in *Lee I*, something that is almost never permissible in a § 2241 habeas action. A *postconviction* challenge to the lawfulness of a federal conviction and sentence generally must be made in the sentencing court in a 28 U.S.C. § 2255 motion to vacate, set aside or correct. *Lopez v. Sanders*, 590 F.3d 905, 906 (8th Cir. 2010).[2] Because a § 2255 motion attacks the validity of the conviction or sentence, it is a further step in the movant's criminal case, and subject matter jurisdiction lies with the court which convicted and sentenced the petitioner. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), *cert. denied*, 545 U.S. 1147, 125 S.Ct. 2984 (2005)*; DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986).

---

[2] A narrow exception exists that may allow a § 2241 petitioner to seek relief from a sentence where the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002), *cert. denied*, 537 U.S. 869 (2002) (describing § 2255(e) as a "narrowly circumscribed 'safety valve'"). Lee bears the burden of demonstrating that his § 2255 remedy is inadequate or ineffective. *Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010). He makes no effort to carry his burden, and nothing in the record suggests that he can do so.

Since the Sixth Circuit Court of Appeal's mandate, filed on October 27, 2020, *nothing* has been filed in the Western District of Tennessee. *Doc. 151*. Thus, at least as of the date of this Recommendation, Lee appears to have made no effort to request a resentencing in *Lee I*. Thus, at this point, a collateral attack on his sentence under § 2255 appears premature.[3] In any event, Lee's remedy lies with the sentencing court in the Western District of Tennessee, and he must seek relief there.

### III. Conclusion

This Court lacks subject matter jurisdiction, under § 2241, to consider Lee's habeas claim.

IT IS THEREFORE RECOMMENDED THAT Petitioner Sean William Lee's Petition for a Writ of Habeas Corpus (*doc. 1*), be DENIED, and the case DISMISSED without prejudice.

Dated this 2nd day of November, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court expresses no opinion on the point at which Lee's direct appeal is final, and he may properly pursue a "collateral attack" under § 2255. 28 U.S.C. § 2255(a).

4